Certified to be a true and correct copy of the original
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: [signature]
Deputy Clerk
Date 4-8-08

A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Apr 08, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
CHARLOTTE, NC
APR 8 2008
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 08, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FAMILY DOLLAR STORES, INC., WAGE
AND HOUR EMPLOYMENT PRACTICES LITIGATION       MDL No. 1932

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in five of the six Western District of North Carolina actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Alabama. At oral argument, responding plaintiffs in the Middle District of Florida, Middle District of Tennessee and Eastern District of Texas actions stated that they support centralization in the Northern District of Alabama. The Family Dollar Stores, Inc., defendants oppose the motion, arguing that these actions should be transferred under Section 28 U.S.C. § 1404 to the Western District of North Carolina. If the Panel deems centralization under Section 1407 to be appropriate, defendants advocate centralization in the Western District of North Carolina.

This litigation presently consists of nine actions listed on Schedule A and pending in four districts as follows: six actions in the Western District of North Carolina and one action each in the Middle District of Florida, the Middle District of Tennessee and the Eastern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of similar allegations that Family Dollar Stores, Inc.'s store managers are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including those with respect to certification of collective actions; and conserve the resources of the parties, their counsel and the judiciary. Section 1407 transfer at this time will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judicial system.

We further find that the Western District of North Carolina is an appropriate transferee district for

---

[*] Judge Scirica took no part in the disposition of this matter.

[1] The Panel has been notified that five other related actions have recently been filed, one action each in the Middle District of Alabama, the District of Arizona, the District of Colorado, the Western District of North Carolina and the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

this litigation, because (1) six of the nine actions are already underway there, and (2) Family Dollar Stores, Inc., is headquartered in Charlotte, North Carolina, and witnesses and documents will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of North Carolina are transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Graham C. Mullen for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen     J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen     Anthony J. Scirica[*]

IN RE: FAMILY DOLLAR STORES, INC. WAGE
AND HOUR EMPLOYMENT PRACTICES LITIGATION     MDL No. 1932

## SCHEDULE A

### Middle District of Florida

Doris Moody v. Family Dollar Stores, Inc., C.A. No. 8:08-8

### Western District of North Carolina

Irene Grace, et al. v. Family Dollar Stores, Inc., C.A. No. 3:06-306
Shawn Eric Ward, et al. v. Family Dollar Stores, Inc., C.A. No. 3:06-441
Melanie Blake, et al. v. Family Dollar Stores, Inc., et al., C.A. No. 3:07-244
Pamela Fowler, et al. v. Family Dollar Stores, Inc., et al., C.A. No. 3:07-316
Lashanda Slater, et al. v. Family Dollar Stores, Inc., C.A. No. 3:07-501
Luana Scott v. Family Dollar Stores, Inc., C.A. No. 3:08-110

### Middle District of Tennessee

Sheri Toms v. Family Dollar Stores, Inc., et al., C.A. No. 3:07-1277

### Eastern District of Texas

Betty S. McCarty, et al. v. Family Dollar Stores, Inc., C.A. No. 5:07-194